**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 09, 2023**

_____
**MICHAEL M. PARKER**
**UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| XIOMARA JANISSE ESCALANTE-SOSTRE, | § | CASE NO. 22-51025-MMP |
| | § | |
| DEBTOR. | § | CHAPTER 7 |
| ⸻⸻⸻⸻⸻ | § | |
| | § | |
| XIOMARA ESCALANTE-SOSTRE & | § | |
| ALEJANDRO SOSTRE-ODIO, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | ADVERSARY NO. 22-05101-MMP |
| | § | |
| ELOY NATALIO LOPEZ-GUTIERREZ, *ET AL.*, | § | |
| | § | |
| DEFENDANTS. | § | |

### ORDER ON DEFENDANTS' MOTION TO DISSOLVE TEMPORARY INJUNCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULES 52 AND 65 (ECF NO. 30)

Before the Court is *Defendants' Motion to Dissolve Temporary Injunctions Pursuant to Federal Rules of Civil Procedure Rules 52 And 65* ("**Motion**," ECF No. 30), which Plaintiffs oppose. For the reasons stated below, the Court will grant the *Motion* in part.

This dispute arises from alleged defamatory statements made by the families of former clients of Plaintiff Escalante-Sostre ("**Former Client Families**") about the Xiomara Escalante-Sostre ("Escalante-Sostre") and her law firm[1] and husband. Escalante-Sostre and her husband brought suit against the Former Client Families in the 166th District Court of Bexar County, Texas ("**State Court**"). At a State Court preliminary injunction hearing on May 18, 2021, the parties agreed to the entry of a preliminary mutual injunction ("**Agreed Mutual Injunction**"). The Agreed Mutual Injunction restricted the statements and actions of the Former Client Families. According to Escalante-Sostre, shortly before the scheduled trial in State Court, the Former Client Families violated that Agreed Mutual Injunction when they, apparently with their attorney's permission, voiced their complaints on the air with the local Univision television station. The State Court heard and denied Escalante-Sostre's Third Motion to Enforce the Agreed Mutual Injunction ("**Third Motion to Enforce**") on September 9, 2022. Despite this denial, the State Court recognized the jury trial was only weeks away, and not wanting to allow the parties to inappropriately prejudice the jury before that trial, the State Court entered an order that expanded the relief granted under the Agreed Mutual Injunction ("**Injunction Expansion Order**"). Issued under Texas procedural rules, the Injunction Expansion Order provides that "ALL PARTIES IN THIS LAWSUIT are enjoined from giving interviews, talking to the media, or posting on social

---

[1] The Law Office of Xiomara Escalante-Sostre, PLLC is a third-party defendant in this adversary proceeding.

media, any information or comments regarding this lawsuit prior to the upcoming jury trial in this matter Order of this Court." ECF No. 30, at 13.

The Injunction Expansion Order does not itself state why it was issued. The Court derived the "why" from a transcript of the September 9, 2022 hearing: the State Court issued the Injunction Expansion Order because it wanted to prevent the parties from prejudicing the jury pool before the fast-approaching jury trial. The Injunction Expansion Order imposes broad restrictions on speech but appears sufficiently limited by references to "this lawsuit" and appears to provide sufficient detail to allow those bound to understand how to comply with its terms. By its terms, the Injunction Expansion Order applies only to the parties.

Four days before the jury trial in State Court, Escalante-Sostre and her law firm filed bankruptcy petitions, staying the State Court case, which was removed to this Court three months later. The *Motion* advocates for the dissolution of both the Agreed Mutual Injunction and the Injunction Expansion Order, arguing both failed to comply with Federal Rules of Civil Procedure 52 and 65(d)(1)(A)-(C). Of course, when both were entered, this adversary proceeding didn't require compliance with those rules.

On May 1, 2023, the Court heard and denied the *Motion* as to the Agreed Mutual Injunction because it was consensual, mutual, and substantially met the requirements of the Federal Rules of Civil Procedure. The Court refrained from ruling on the Injunction Expansion Order without additional information and requested the parties provide a transcript of the September 9, 2022 State Court hearing. The Court reset the hearing on the *Motion* to June 8, 2023, and informed Escalante-Sostre that the Court intended to discuss whether Escalante-Sostre or her law firm continued to need injunctive relief, given that Escalante-Sostre's law firm had been abandoned to the Chapter 7 trustee. Upon request of the parties, the Court reset the June 8 hearing to July 10, 2023, at which

the Court admitted a transcript of the State Court's September 9, 2022 hearing as Plaintiffs' Exhibit 10. The Court then took the matter under advisement.

Federal Rule of Bankruptcy Procedure 9027 and 28 U.S.C. § 1452 govern the removal of state court cases to a bankruptcy court. Rule 9027(i) provides that "All injunctions issued, orders entered and other proceedings had prior to removal shall remain in full force and effect until dissolved or modified by the court." FED. R. BANKR. P. 9027(i). So, after removal, a bankruptcy court "takes the case up where the [s]tate court left it off.'" *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 436 (1974) (quoting *Duncan v. Gegan*, 101 U.S. 810, 812 (1879)).

Former Client Families argue that the Agreed Mutual Injunction and Injunction Expansion Order violate Federal Rule of Civil Procedure 65(d)(1)(A)-(C), and this Court must dissolve both because they fail to (i) specify the reason for their issuance, (ii) state their terms specifically, and (iii) describe in reasonable detail the acts restrained.

Federal Rule of Civil Procedure 65(d)(1) states: "[e]very order granting an injunction and every restraining order must state the reasons why it issued; state its terms specifically; and describe in reasonable detail . . . the act or acts restrained or required." FED. R. CIV. P. 65(d)(1)(A)-(C). Rule 65 requires "[t]hat an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed." *Scott v. Schedler*, 826 F.3d 207, 211 (5th Cir. 2016) (quoting *U.S. Steel Corp. v. United Mine Workers of Am.*, 519 F.2d 1236, 1246 n.20 (5th Cir. 1975)). The specificity requirement of Rule 65 "[i]s not unwieldy. An injunction must simply be framed so that those enjoined will know what conduct the court has prohibited." *Tex. v. Equal Employment Opportunity Comm'n*, 933 F.3d 433, 451 (5th Cir. 2019) (quoting *Meyer v. Brown & Root Const. Co.*, 661 F.2d 369, 373 (5th Cir. 1981)). "[O]ne basic principle

built into Rule 65 is that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits." ***Granny Goose Foods***, 415 U.S. at 444.

Having previously ruled that the Agreed Mutual Injunction Order provides Escalante-Sostre "[f]air and precisely drawn notice of what the injunction actually prohibits," the Court must consider if the Injunction Expansion Order does the same.[2] *Id.* The Injunction Expansion Order prevents all parties in the lawsuit from "giving interviews, talking to the media, or posting on social media, any information or comments regarding this lawsuit prior to the upcoming jury trial in this matter . . . ." ECF No. 30, at 13. The Court finds no ambiguity about what Former Client Families are prohibited from doing. Although the Injunction Expansion Order fails to specify the reason for its issuance, as required by Federal Rule of Civil Procedure 65, the Court finds that the transcript of the Sept. 9, 2022 State Court hearing clarifies that the reason for the issuance of the Injunction Expansion Order was to avoid prejudicing a jury pool.

The Injunction Expansion Order could be characterized as either temporary or preliminary injunctive relief or simply as an order clarifying the Agreed Mutual Injunction. The only matter before the State Court, when it entered its Injunction Expansion Order, was the Plaintiffs' Third Motion for Enforcement, which sought to hold Defendants in violation of the parties' Agreed Mutual Injunction. The State Court denied Plaintiffs' Third Motion for Enforcement while also awarding temporary or preliminary injunctive relief that expanded upon the relief in the Agreed Mutual Injunction.

---

[2] The Court previously found that the Agreed Mutual Injunction is similarly unambiguous. While the first statement of the Agreed Mutual Injunction appears broad: "Plaintiffs, Defendants . . . are commanded to obey the Order of this Court and to immediately desist and refrain from any behavior that disrupts their ability to work and their children's ability to enjoy hobbies and extracurricular activities without hindrance . . . ," it describes some examples of behavior covered by the injunction. The Court also finds it difficult to understand how an agreed injunction could somehow not be specific enough for one of the parties who agreed to its terms.

Regardless of the type of injunctive relief, the Court can dissolve an injunction when the need for an injunction is moot. ***Whitcomb v. Paull & Partners-Locke Lane (In re Whitcomb)***, 599 B.R. 908, 922 (Bankr. S.D. Tex. 2019) (citing ***Burlington N. & Santa Fe Ry. Co. v. Bhd. of Locomotive Eng'rs***, 367 F.3d 675, 677-78 (7th Cir. 2004)).

The Sept. 9, 2022 hearing transcript makes it clear the State Court issued the additional injunctive relief in the Injunction Expansion Order to prevent prejudice to the jury in the fast-approaching trial. Judge Tina Torres stated:

> So I think everybody can agree it's not a good idea for anyone to go to the press at this point. I mean regardless, if there is an injunction or not. So I mean, I would hope that all of you-all can maintain your composure because it's just not a good idea. You don't want to have issues trying to get people on the jury. So I'm denying the motion for enforcement. But I'm going to put this in my Judge's notes: All parties in the lawsuit are enjoined from giving interviews, talking to the media, or posting on social media any information or comments regarding the case prior to the upcoming jury trial in this matter, or until further order of the Court.

Plaintiffs' Exhibit 10, at 95-96. Judge Torres explained that the Former Client Families' anti-SLAPP motion,[3] pending before the State Court, needed to be heard soon because it would resolve many issues in the State Court case. *Id.* at 96. Judge Torres further explained to Former Client Families' counsel that "[he] should be focusing on ensuring to get [sic] a fair and impartial jury in this matter." *Id.*

The Injunction Expansion Order was issued nearly a year ago to protect against prejudicing a jury pool. In the removed adversary proceedings pending before this Court, the Court is the factfinder, and there is no longer a risk of prejudicing a jury pool. Moreover, in the year that has

---

[3] In State Court the Former Client Families moved to dismiss the Plaintiffs' Application for Temporary Restraining Order and Original Petition for Temporary and Permanent Injunction under the Texas Citizens Participation Act, codified in Chapter 27 of the Texas Civil Practice and Remedies Code. The Act is commonly known as the Texas SLAPP (Strategic Lawsuit Against Public Participation) statute. SLAPP statutes typically limit the availability of injunctive relief to plaintiffs complaining about defamatory defendants. The Texas SLAPP statute does not apply here. ***Klocke v. Watson***, 936 F.3d 240, 245-46 (5th Cir. 2019).

now passed, Escalante-Sostre abandoned her law firm to a Chapter 7 trustee and obtained a discharge of her dischargeable debts, minimizing the risk of any continuing harm to Escalante-Sostre or her law firm. Without the risk of tainting a jury pool and given the substantial passage of time and the effect of the Chapter 7 cases of Escalante-Sostre and her law firm, the Injunction Expansion Order issued by the State Court is moot, justifying its dissolution. It is, therefore,

**ORDERED** that the Defendants' *Motion* is hereby **GRANTED IN PART** and the State Court's Injunction Expansion Order, dated September 9, 2022, is **DISSOLVED** and of no further force or effect. It is further

**ORDERED** that all other relief requested in Defendants' *Motion* is **DENIED**.

# # #